# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND FRANCHISE GROUP, LLC; BEYOND RESTAURANT GROUP, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>URBAN POKE 1, LLC; URBAN POKE 2, LLC; ENY TJAHJA; MING-TSUNG CHI; VIENGKEO TZONG; DAVID TZONG; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 8:22-cv-00828 DOC (DFMx)<br><br>[Assigned to Hon. David O. Carter]<br><br>**STIPULATED ORDER FOR PRELIMINARY INJUNCTION [17]** |

Before the Court is the joint motion of Plaintiffs Beyond Franchise Group, LLC ("Beyond Franchise") and Beyond Restaurant Group, LLC ("Beyond Restaurant") (collectively, "Plaintiffs"), and Defendants Urban Poke 1, LLC ("Urban Poke 1"); Urban Poke 2, LLC ("Urban Poke 2"); Eny Tjahja; Ming-Tsung Chi; Viengkeo Tzong; and David Tzong (collectively, "Defendants"), for entry of a Stipulated Order for Preliminary Injunction.  Having considered the parties' submission, and good cause appearing therefor, the Court now enters this Stipulated Order for Preliminary Injunction based on the following facts set forth below, to which the parties have agreed.

Each signatory to this Stipulated Order for Preliminary Injunction certifies that he or she is fully authorized, either individually or by the party or parties he or she represents, to stipulate to the Stipulated Preliminary Injunction on behalf of the party or parties represented and legally bind that party or parties.

## I.   JURISDICTION

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of the parties under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

2. Supplemental jurisdiction over the state law claims is vested in this Court under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

5.  This action was commenced by Plaintiffs on April 19, 2022 by the filing of the Summons and Complaint;

6. Plaintiff Beyond Restaurant owns various trademarks, tradenames, service marks, logos, and derivations thereof, including following marks that have been registered on the Principal Register of the United States Patent and Trademark Office (the "Pokéworks Marks"):

| | |
|---|---|
| POKEWORKS | Reg. No. 5109887, Registered Dec. 27, 2016 |
| POKEWORKS | Reg. No. 5785316, Registered June 25, 2019 |
| POKE WORKS | Reg. No. 5046901, Registered Sept. 20, 2016 |
| POKÉ YOUR WAY | Reg. No. 5232416, Registered June 27, 2017 |
| POKÉ YOUR WAY | Reg. No. 5773195, Registered June 11, 2019 |
| POKE YOUR WAY | Reg. No. 5776987, Registered June 11, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5395083, Registered Feb. 6, 2018 |
| Stylized POKEWORKS Logo | Reg. No. 5785317, Registered June 25, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5395084, Registered Feb. 6, 2018 |
| Stylized POKEWORKS Logo | Reg. No. 5785318, Registered June 25, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5401714, Registered Feb. 13, 2018 |
| Stylized POKEWORKS Logo | Reg. No. 5785319, Registered June 25, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5776988, Registered June 11, 2019 |

7. The foregoing registrations are in full force and effect and cover the goods and services identified on the registration certificates.

8. Plaintiffs have continuously used each of the Pokéworks Marks since the date of their registration and these marks are valid, subsisting, and some are now incontestable under the Lanham Act, 15 U.S.C. § 1065.

9. Plaintiff Beyond Restaurant licenses to Plaintiff Beyond Franchising the right to use the Pokéworks Marks and to sublicense the Pokéworks Marks to franchisees for use as part of their businesses.

10. As a result of Plaintiffs' widespread, continuous, and exclusive use of the Pokéworks Marks to identify Plaintiffs' goods and services, and Plaintiffs as their source, Plaintiffs own valid and subsisting federal statutory and common law rights to the Pokéworks Marks.

11. Plaintiffs' Pokéworks Marks are distinctive to both the consuming public and Plaintiffs' trade.

1   12.   Plaintiffs contend that as a result of their expenditures and efforts, the Pokéworks Marks have come to signify the high quality of the goods and services designated by the Pokéworks Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

13.   In their Complaint, Plaintiffs seek injunctive relief and monetary damages against Defendants for, among other things, infringement of Plaintiffs' federally-registered Pokéworks Marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of California.

14.   Defendants are former Pokéworks® franchisees (and their individual owners), who operated two Pokéworks® restaurants in Virginia.

15.   Plaintiffs contend that despite termination of their license use the Pokéworks Marks, Defendants continued to use the Pokéworks Marks in U.S. commerce, without Plaintiffs' authorization, in order to induce the public to patronize their locations.

16.   Plaintiffs contend that Defendants' alleged unauthorized use of the Pokéworks Marks constitutes a "use in commerce" under the Lanham Act.

17.   Plaintiffs contend that Defendants' alleged acts have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and services, and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

18.   Plaintiffs contend that the foregoing alleged conduct by Defendants constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement and unfair competition under the common law of the State of California, and violation of California Business & Professions Code § 17200.

19. Plaintiffs contend that as a direct and proximate result of the Defendants' alleged infringing conduct alleged herein, Plaintiffs have sustained substantial, immediate, and irreparable harm, loss, damage, and injury, and are entitled to an injunction pursuant to 15 U.S.C. §§ 1116-1117.

20. The public interest is served by a preliminary injunction because it will help protect against future consumer confusion and deception.

21. There are no just reasons to delay entry of this preliminary injunction. The Plaintiffs and Defendants have agreed to the issuance of a preliminary injunction and that the terms of the injunction set forth below are reasonable.

### III.  **Preliminary Injunction**

1. Pursuant to Fed. R. Civ. P. 65, Defendants, together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants are hereby enjoined and restrained from directly or indirectly:

    a. using any reproduction, counterfeit, copy, or colorable imitation of the Pokéworks Marks to identify any goods or the rendering of any services not authorized by Plaintiffs;

    b. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiffs' business reputation or weaken the distinctive quality of the Pokéworks Marks;

    c. further infringing the Pokéworks Marks by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products or services not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Pokéworks Marks;

    d. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Pokéworks Marks in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs;

    e. making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, or any products manufactured, distributed, sold or offered for sale, by Defendants are in any way associated or connected with Plaintiffs, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

    f. engaging in any conduct constituting an infringement of any of the Pokéworks Marks, of Plaintiffs' rights in, or to use or to exploit, said trademarks, or constituting any weakening of Plaintiffs' name, reputation or goodwill;

    g. secreting, destroying, altering, removing, or otherwise dealing with any books or records which contain any information relating to the distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of all unauthorized products or services which infringe the Pokéworks Marks; and

    h. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g);

2. Within thirty (30) days after entry of this Order, Defendants shall file with the Court and serve upon Plaintiffs' counsel a written report, under oath, setting forth in detail the manner and form in which they have complied with this Order.

3. This Stipulated Preliminary Injunction Order shall be binding upon, and shall inure to the benefit of, the parties and their respective heirs, successors, assigns, and acquiring companies.

4. The preliminary injunction shall remain in full force and effect unless and until dissolved or modified by order of this Court.

5. If Defendants are found by the Court to be in contempt of, or otherwise to have violated this Stipulated Preliminary Injunction Order, the parties agree that Plaintiffs shall be entitled to all available relief which they may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

6. The Court retains jurisdiction over this matter for the purposes of enforcing the terms of this Stipulated Preliminary Injunction.

7. No bond shall be required of Plaintiffs.

**IT IS SO ORDERED.**

Dated: May 24, 2022

*David O. Carter*

Hon. David O. Carter
United States District Court Judge