Keith D. Klein (SBN 184846)
Keith.klein@bclplaw.com
Kristy A. Murphy (SBN 252234)
Kristy.murphy@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Plaintiffs
BEYOND FRANCHISE GROUP, LLC and
BEYOND RESTAURANT GROUP, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND FRANCHISE GROUP, LLC; BEYOND RESTAURANT GROUP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>URBAN POKE 1, LLC; URBAN POKE 2, LLC; ENY TJAHJA; MING-TSUNG CHI; VIENGKEO TZONG; DAVID TZONG; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00828 DOC (DFMx)<br><br>[Assigned to Hon. David O. Carter]<br><br>**STIPULATION AND CONSENT JUDGMENT FOR PERMANENT INJUNCTION ONLY** |

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs Beyond Franchise Group, LLC ("Beyond Franchise") and Beyond Restaurant Group, LLC ("Beyond Restaurant") (collectively, "Plaintiffs"), on the one hand, and Defendants Urban Poke 1, LLC; Urban Poke 2, LLC; Eny Tjahja; Ming-Tsung Chi; Viengkeo Tzong; and David Tzong (together "Defendants"), on the other hand, (collectively, the "Parties") that the Court may enter the following consent judgment pursuant to Rule 54(a) of the Federal Rules of Civil Procedure.

This Consent Judgment is entered into with reference to the following agreed Statement of Facts:

## I. STATEMENT OF FACTS

1. This action was commenced by Plaintiffs on April 19, 2022 by the filing of the Summons and Complaint in the United States District Court for the Central District of California, entitled, *Beyond Franchise Group, LLC v. Urban Poke 1, LLC, et al.*, Case No. 8:22-cv-00828 DOC (DFMx) ("Action), asserting claims against Defendants for breach of contract; infringement of Plaintiffs' federally-registered Pokéworks Marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); common law trademark infringement, common law unfair competition, and unfair competition in violation of California Business & Professions Code § 17200 ("Claims").

2. Defendants were each served with the Summons and Complaint in this Action, but have not yet filed an answer.

3. To avoid further litigation and to resolve this Action, Plaintiffs and Defendants recently entered into a Settlement Agreement ("Settlement Agreement"), the terms of which are confidential and set forth in a separately executed document, but the Parties may disclose for purposes of this Stipulation that they agreed that a permanent injunction shall be issued against Defendants and the terms of the injunction set forth below are reasonable.

4.	The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338 because this dispute concerns the rights of the parties under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

5.	Supplemental jurisdiction over the state law claims is vested in this Court under 28 U.S.C. § 1367.

6.	This Court has personal jurisdiction over Defendants.

7.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

8.	Plaintiff Beyond Restaurant owns various trademarks, tradenames, service marks, logos, and derivations thereof, including following marks that have been registered on the Principal Register of the United States Patent and Trademark Office (the "Pokéworks Marks"):

| Mark | Registration |
|---|---|
| POKEWORKS | Reg. No. 5109887, Registered Dec. 27, 2016 |
| POKEWORKS | Reg. No. 5785316, Registered June 25, 2019 |
| POKE WORKS | Reg. No. 5046901, Registered Sept. 20, 2016 |
| POKÉ YOUR WAY | Reg. No. 5232416, Registered June 27, 2017 |
| POKÉ YOUR WAY | Reg. No. 5773195, Registered June 11, 2019 |
| POKE YOUR WAY | Reg. No. 5776987, Registered June 11, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5395083, Registered Feb. 6, 2018 |
| Stylized POKEWORKS Logo | Reg. No. 5785317, Registered June 25, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5395084, Registered Feb. 6, 2018 |
| Stylized POKEWORKS Logo | Reg. No. 5785318, Registered June 25, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5401714, Registered Feb. 13, 2018 |
| Stylized POKEWORKS Logo | Reg. No. 5785319, Registered June 25, 2019 |
| Stylized POKEWORKS Logo | Reg. No. 5776988, Registered June 11, 2019 |

9.	The foregoing registrations are in full force and effect and cover the goods and services identified on the registration certificates.

10.	Plaintiffs have continuously used each of the Pokéworks Marks since the date of their registration and these marks are valid, subsisting, and some are now

1 incontestable under the Lanham Act, 15 U.S.C. § 1065.

2  11.  Plaintiff Beyond Restaurant licenses to Plaintiff Beyond Franchising the right to use the Pokéworks Marks and to sublicense the Pokéworks Marks to franchisees for use as part of their businesses.

12.  As a result of Plaintiffs' widespread, continuous, and exclusive use of the Pokéworks Marks to identify Plaintiffs' goods and services, and Plaintiffs as their source, Plaintiffs own valid and subsisting federal statutory and common law rights to the Pokéworks Marks.

13.  Plaintiffs' Pokéworks Marks are distinctive to both the consuming public and Plaintiffs' trade.

14.  As a result of Plaintiffs' expenditures and efforts, the Pokéworks Marks have come to signify the high quality of the goods and services designated by the Pokéworks Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

15.  Defendants are former Pokéworks® franchisees (and their individual owners), who operated two Pokéworks® restaurants in Virginia.

16.  Defendant Urban Poke 1 is party to a franchise agreement dated July 11, 2017 with Beyond Franchise to operate a Pokéworks® branded restaurant (the "Tysons Corner Franchise Agreement") located at 7933 Tysons Corner Center #F12L, McLean, Virginia, 22102 (the "Tysons Corner Store").

17.  Defendant Urban Poke 2 is party to a franchise agreement dated October 28, 2020 with Beyond Franchise to operate a Pokéworks® branded restaurant (the "Chantilly Franchise Agreement") located at 14383 Newbrook Drive, #201, Chantilly, Virginia 20151 (the "Chantilly Store").

18.  At some point in 2021, Defendants began operating a competing concept, Capital Musubi, out of the Tysons Corner Store and Chantilly Store.

19. On or about March 7 and 21, 2022, Defendants anticipatorily repudiated the Tysons Corner Franchise Agreement and Chantilly Franchise Agreement without legal basis.

20. Despite termination of Defendants' license use the Pokéworks Marks, Defendants continued to use the Pokéworks Marks in U.S. commerce, without Plaintiffs' authorization, in order to induce the public to patronize their locations.

21. Defendants' unauthorized use of the Pokéworks Marks constitutes a "use in commerce" under the Lanham Act.

22. Defendants' acts have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' goods and services, and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' goods and services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs.

23. The foregoing alleged conduct by Defendants constitutes trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement and unfair competition under the common law of the State of California, and violation of California Business & Professions Code § 17200.

24. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiffs have sustained substantial, immediate, and irreparable harm, loss, damage, and injury, and are entitled to an injunction pursuant to 15 U.S.C. §§ 1116-1117.

25. The public interest is served by an injunction because it will help protect against future consumer confusion and deception.

26. The Parties have agreed to the issuance of a permanent injunction and that the terms of the injunction set forth below are reasonable.

WHEREFORE, upon the consent and request of the Parties, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT** judgment is entered in favor of Plaintiffs and against Defendants Urban Poke 1, LLC; Urban Poke 2, LLC; Eny Tjahja; Ming-Tsung Chi; Viengkeo Tzong; and David Tzong on all of the counts in Plaintiffs' Complaint, as follows:

## PERMANENT INJUNCTION

27. Defendants, together with all of Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendants who receive actual notice of this order, are hereby enjoined and restrained from directly or indirectly:

    a. using any reproduction, counterfeit, copy, or colorable imitation of the Pokéworks Marks to identify any goods or the rendering of any services not authorized by Plaintiffs;

    b. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiffs' business reputation or weaken the distinctive quality of the Pokéworks Marks;

    c. further infringing the Pokéworks Marks by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products or services not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Pokéworks Marks;

    d. using any simulation, reproduction, counterfeit, copy or colorable imitation of the Pokéworks Marks in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products or services in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs;

  e. making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, or any products manufactured, distributed, sold or offered for sale, by Defendants are in any way associated or connected with Plaintiffs, or is provided, sold, manufactured, licensed, sponsored, approved or authorized by Plaintiffs;

  f. engaging in any conduct constituting an infringement of any of the Pokéworks Marks, of Plaintiffs' rights in, or to use or to exploit, said trademarks, or constituting any weakening of Plaintiffs' name, reputation or goodwill;

  g. carrying on or being engaged in or concerned with or interested in the operation of any business which consists of the sale of poké or raw fish and which is located within fifteen (15) miles of the Tysons Corner Store, the Chantilly Store, or any business operating under the Pokeworks trademarks, for a period of two years, either individually or in partnership or in conjunction with any person or persons, firm, association, syndicate or company as principal, agent, shareholder, employee or in any other manner whatsoever;

  h. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (g); and

  i. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by subparagraphs (a) through (g).

28. This permanent injunction shall remain in full force and effect unless and until modified by order of this Court.

**ADDITIONAL PROVISIONS**

29. This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiffs' claims for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

30. Defendants waive any and all right to an appeal from this Consent Judgment and Permanent Injunction.

31. This Consent Judgment and Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors, assigns, and acquiring companies.

32. If any Defendant is found by the Court to be in contempt of, or otherwise to have violated this Consent Judgment and Permanent Injunction, the parties agree that Plaintiffs shall be entitled to all available relief which they may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

33. The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Consent Judgment and Permanent Injunction.

34. Each party shall bear its own attorneys' fees and costs in connection with this Action, except to the extent of any enforcement of the Settlement Agreement or this Consent Judgment and Permanent Injunction.

35. The Court expressly finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay in entering this Consent Judgment, and expressly directs entry of such judgments.

**IT IS SO ORDERED.**

Dated: December 9, 2022

_____
The Honorable David O. Carter
United States District Judge

## CONSENT TO ENTRY

The undersigned Parties hereby consent to all of the terms and conditions of this Consent Judgment and Permanent Injunction set forth above, and consent to entry thereof.

Dated: July 7, 2022

**URBAN POKE 1, LLC**

By: _____

Name: David Tzong

Title: Member

Dated: July 7, 2022

**URBAN POKE 2, LLC**

By: _____

Name: David Tzong

Title: Member

Dated: July 7, 2022

_____
ENY TJAHJA

Dated: July 7, 2022

_____
MING-TSUNG CHI

Dated: July 7, 2022

_____
VIENGKEO TZONG

Dated: July 7, 2022

_____
DAVID TZONG

8
CONSENT JUDGMENT